# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

DAWN BUFFINGTON, INDIVIDUALLY
AND ON BEHALF OF THE STATUTORY
AND WRONGFUL DEATH BENEFICIARIES
OF ISSAC LEHRENBAUM                                                  PLAINTIFF

V.                                         CIVIL ACTION NO.: 3:10CV11-SA-SAA

TRINITY MISSION HEALTH & REHAB
OF GREAT OAKS, LLC, d/b/a TRINITY MISSION
HEALTH & REHAB OF GREAT OAKS                                     DEFENDANT

## ORDER ON MOTION TO COMPEL ARBITRATION

Plaintiff filed this action against the Trinity Mission Health & Rehab of Great Oaks ("Trinity

Health") for damages caused by Defendant's negligent care of Isaac Lehrenbaum.  In particular,

Plaintiff alleges that "Defendant's acts of negligence, medical malpractice, and deviations from the

standard of care" caused Lehrenbaum to suffer pressure sores and wounds, falls, and mental and

physical pain and suffering.  This case was removed to the federal court on February 23, 2010.

Defendant has filed a Motion to Dismiss to Enforce Arbitration [6].

Isaac Lehrenbaum was admitted to the Trinity Mission nursing facility on January 5, 2009.

At that time, Mr. Lehrenbaum and Dawn Buffington, as his "Responsible Party," executed an

"Alternative Dispute Resolution Agreement."  That Agreement provided as follows:

> The Parties agree that any legal controversy, dispute, disagreement or claim of any
> kind (collectively "Dispute") now existing or occurring in the future between the
> parties arising out of or in any way relating to this Agreement, the Admission
> Agreement or the Resident's stay at the Facility shall be resolved through an ADR
> process (as defined herein), including, but not limited to, all Disputes based on
> breach of contract, negligence, medical malpractice, tort, breach of statutory duty,
> resident's rights, any departures from accepted standards of care, and all disputes
> regarding the interpretation of this Agreement, allegations of fraud in the inducement
> or requests for rescission of this Agreement.

Defendant now seeks to dismiss this case so the arbitration agreement can be enforced. Plaintiff did not respond to the motion.

In determining if the parties agreed to arbitrate, a court must make two determinations, whether (1) there is a valid agreement to arbitrate; and, (2) the dispute in question falls within the scope of that agreement. Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 214 (5th Cir. 2003).

It is undisputed that Lehrenbaum and Plaintiff both signed the Agreement and acknowledged that "each of them has read and understood this Agreement and that each of them voluntarily consents to accepts all of its terms and provisions." Accordingly, there is a valid agreement to arbitrate.

Plaintiff alleges that Defendant committed negligence and medical malpractice in its treatment of Lehrenbaum. The Agreement specifically states that it applies to "all Disputes based on . . . negligence, [and] medical malpractice . . . ." Thus, the dispute falls within the scope of the Agreement.

The Court finds that a valid agreement to arbitrate exists. The claims brought by the Plaintiff fall within that agreement, and no reason exists why these claims are not arbitrable. The Defendant's motion to compel arbitration is GRANTED and this case is CLOSED.

SO ORDERED, this the  12th  day of April, 2010.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**